IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEPHEN S. GREEN,
        Plaintiff,

vs.                                                           5:06CV155/MCR/MD

B. GORTMAN, ET AL.,
        Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, who is currently incarcerated at Hendry Correctional Institution, names Nurse B. Gortman, Nurse P. Sexton and Dr. N. Gilo, all employees of Gulf Correctional Institution, as defendants in this action. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights due to the defendants' improper treatment of his broken foot.

Title 28 U.S.C. § 1915A provides that the court must review as soon as practicable after docketing all cases filed by prisoners against a governmental entity or officer or employee of a government entity. The court must dismiss the complaint or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Upon review of the plaintiff's complaint, it appears this case should be dismissed as malicious.

On page five of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (doc. 6, p. 5).

On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?"  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*).

On page six of the civil rights complaint form, Section IV(c), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*, p. 6).  On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" and listed three cases on this page and one continuation page (*id.*).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (*Id.*, p. 8).  Thus, plaintiff has in effect stated that, other than the three listed cases, he has initiated no other lawsuits in federal court that relate to the fact or manner of his imprisonment or the conditions of his imprisonment.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the

court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[2]

The court takes judicial notice of the following cases that plaintiff has previously filed in Federal Court:

<u>Southern District of Florida</u>:

1:01cv04323-Green v. I.R.S.[3]

1:02cv23566-Green v. Shevin

9:02cv80518-Green v. Department of Corrections

9:02cv80548-Green v. Mowery

9:02cv80664-Green v. Taylor

9:04cv80690-Green v. Goodin

1:98cv2490-Green v. Tadlock (habeas action)

1:00cv926-Green v. Moore (habeas action)

<u>Middle District of Florida</u>:

3:06cv706-Green v. Esquita

5:05cv289-Green v. Olinger

---

[1] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

[3] Plaintiff identifies cases 1:01cv04323, 1:02cv23566 and 9:02cv80664 from the Southern District of Florida and admits that they were dismissed as frivolous, malicious or for failure to state a claim. The court has ascertained that case 9:02cv80518 was dismissed for plaintiff's failure to exhaust his administrative remedies, which also counts as a strike. Case 3:06cv706 from the Middle District of Florida was dismissed on August 8, 2006 as malicious due to plaintiff's failure to disclose prior litigation. However, because the latter case was not dismissed until after plaintiff filed the instant case, it would not be counted as a strike except for cases filed after that date. The issue of plaintiff's failure to disclose all litigation remains at issue in case 5:05cv461 of the Middle District. (Doc. 19).

5:05cv461-Green v. Olinger

A cursory review reveals that above cases certainly deal with matters concerning plaintiff's imprisonment or the conditions of his confinement.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from reading the complaint form, and from past litigation, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

Plaintiff is also advised that, as noted above, title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under *imminent danger of serious physical injury.*

*Case No: 5:06cv155/MCR/MD*

28 U.S.C. § 1915(g) (emphasis added).  Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).  Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*  Plaintiff attempts to make such an allegation in this case.  However, his complaint about allegedly inadequate past medical treatment would not entitle him to proceed *in forma pauperis,* even if his complaint were not otherwise subject to dismissal due to his failure to provide complete and accurate information on the complaint form.  Therefore, this action should be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by fully and accurately completing and filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

That this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

At Pensacola, Florida, this 8th day of August, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:06cv155/MCR/MD

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).